**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROSEANNE RIZZO                  )
                                     ) No. 18-1646

      v.

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL
SECURITY

## OPINION AND ORDER

### SYNOPSIS

On October 28, 2016, Plaintiff filed an application for supplemental security income and

disability benefits, alleging mental and physical impairments, including chronic pain syndrome,

headaches, anxiety, and depression.  Her application was denied initially, and by an

Administrative Law Judge ("ALJ") upon hearing.  The Appeals Council denied Plaintiff's

request for review.  Before the Court are the parties' Cross-Motions for Summary Judgment.  For

the following reasons, Plaintiff's Motion will be granted and Defendant's denied.

### OPINION

## I.      STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by

statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

---

[1] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ.
P. 25(d).

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); <u>Richardson</u>, 402 U.S. at 390.

A district court cannot conduct a <u>de novo</u> review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. <u>Palmer v. Apfel</u>, 995 F.Supp. 549, 552 (E.D. Pa. 1998); <u>S.E.C. v. Chenery Corp.</u>, 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." <u>Brunson v. Astrue</u>, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff argues that the ALJ improperly failed to assign controlling weight to the opinion of her primary care physician since April, 2016, Dr. Bonacorsi, and instead gave greater weight to the opinion of Meghan Brunnet, PA-C.

> [Treating physician] reports will be given controlling weight where a treating source's opinion on the nature and severity of a claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record.
>
> The ALJ must consider medical findings supporting the treating physician's opinion that the claimant is disabled. If the ALJ rejects the treating physician's assessment, he may not make "speculative inferences from medical reports," and may reject "a treating physician's opinion outright only on the basis of contradictory medical evidence."

Whaley v. Berryhill, No. 18-720, 2019 U.S. Dist. LEXIS 70424, at *21-22 (D. Del. Apr. 26, 2019)

Dr. Bonacorsi completed a medical source statement form indicating that Plaintiff could walk zero city blocks without resting or severe pain; sit for one hour, stand for ten minutes, sit and stand/walk a total of two hours in an 8-hour workday.  He opined that she could never twist, stoop, crouch/squat, climb stairs, or climb ladders.  He further indicated that she would be off task 25 percent or more of the workday, and was incapable of even low stress work.  Ms. Burnett wrote a short letter in 2016, stating that due to Plaintiff's "moderately severe bilateral knee DJD" she was limited to "[s]edentary/desk-type work with the ability to stand/move legs when needed," no standing/walking more than ten minutes at a time, and no "kneeling/crawling/squatting/climbing."  Dr. Rabinovich, the consulting physician who examined Plaintiff in 2015, also opined that Plaintiff could never stoop, kneel, crouch, climb ladders, or crawl, but that she could occasionally climb stairs and ramps, and sit for two hours at a time, and four hours total in an eight-hour workday. Dr. Rabinovich also noted that Plaintiff

had the ability to perform activities like shopping, and prepare a simple meal and feed herself. He also opined that Plaintiff could not "walk a block at a reasonable pace on rough or uneven surfaces."

The ALJ assigned Dr. Bonacorsi's opinion "little weight." The ALJ explained that the record did not support the extreme limitiations opined to – for example, the ALJ stated, the limitations that Plaintiff "can walk 0 blocks," and sit for one hour, and stand for ten minutes. The ALJ rejected Dr. Bonacorsi's opinion that claimant could "never climb stairs, crouch, twist, or stoop" because "a stooping action is needed just to sit, and nothing in the record supports that the claimant cannot sit." She explained that his opinions were "overall" inconsistent with and not supported by his own treatment records, and inconsistent with Plaintiff's testimony regarding her activities, such as her ability to drive, cook, shop, and do some cleaning. As regards Ms. Brunnet, the ALJ noted that Ms. Brunnet was a physician's assistant and not a physician or nurse, but assigned "some weight to her assessments, given the treating relationship she had with the claimant." The ALJ further gave "some weight" to the 2015 opinion of Dr. Rabinovich, As with the opinion of Dr. Bonacorsi, however, the ALJ rejected certain specific limitations opined to by Dr. Rabinovich. She rejected his opinion of "no stooping" because it "is contradicted by the claimant's ability to sit, which requires a stooping motion." Other than the specific limitations addressed, the ALJ did not note any overarching or underlying reason for rejecting Dr. Rabinovich's opinion. Indeed, she observed that "[Other than the specifically rejected limitations], the majority of Dr. Rabinovich's assessments are consistent with and supported by his own exam findings as well as the cumulative evidence."

The ALJ's decision raises several concerns. Both Dr. Bonacorsi and Dr. Rabinovich opined that Plaintiff could never stoop. The ALJ, however, rejected the stooping limitation

imposed by Drs. Bonacorsi and Rabinovich specifically because Plaintiff retained the ability to sit. Speaking colloquially, this is a new one.

In the disability context, "'stooping' is defined as 'bending body downward and forward by bending spine at the waist, requiring full use of the lower extremities and back muscles.'" Blosser v. Colvin, No. 14-1308, 2015 U.S. Dist. LEXIS 93611, at *35 (M.D. Pa. July 20, 2015). According to common sense and experience, one can lower oneself into a seated position, or raise oneself from a sitting position, without bending the body downward and forward by bending spine at the waist, with the full use of lower extremities and back muscles – for example, with the use of armrests on a chair. The mere fact that the act of sitting down incorporates a bend at the waist does not mean that it requires the ability to "stoop."[2]  Court decisions are littered, for example, with claimants limited to sedentary work – which "is defined as one that involves sitting" --  with additional "no stooping" limitations.  See, e.g., id. at **29-31; 20 C.F.R. § 404.1567.  Indeed, one Court within this Circuit has found that "[t]he ALJ's claimed inconsistency regarding the ability to sit and stand as conflicting with the lack of ability to stoop … is …not a valid basis to undermine" a physician's opinion.  Drapek v. Colvin, No. 15-1310, 2016 U.S. Dist. LEXIS 11159, at *42 (M.D. Pa. Jan. 29, 2016).  The purported inconsistency, alone, is not sufficient grounds to reject the medical sources' limitation on stooping.

Furthermore, the ALJ did not otherwise identify substantial evidence to support her treatment of the medical sources' "no stooping" limitation. As discussed supra, the ALJ broadly stated that "overall, Dr. Bonacorsi's assessments are not persuasive, as they are inconsistent with

---

[2]I note, too, that the ALJ arrived at a residual functional capacity that included sitting, but also included the limitation "never crouch."  "Crouching" is defined as "[b]ending downward and forward by bending legs and spine." Perfinski v. Berryhill, No. 1:17-cv-1316, 2019 U.S. Dist. LEXIS 50607, at *23 n.6 (M.D. Pa. Jan. 28, 2019).  It is unclear why the ALJ considered "never stoop" inconsistent with the ability to sit down, but not so "never crouch."

and not supported by his own treatment records," and that the opinions were inconsistent with Plaintiff's testimony in which she "admitted" that she "drives, cooks, does some cleaning and goes shopping." Bonacorsi's treatment notes reflect visits and treatment involving leg pain, hip pain, back pain, knee pain, pain medication prescriptions, athralgia, degenerative knee problems, "arthritis everywhere," and chronic pain syndrome.[3] In terms of activities, Plaintiff "admitted" to driving, in that she testified that someone drove her to the hearing, that she has problems driving, but that she drives once a week to her doctor who is very close by; she testified that she shops "with assistance," using a motorized scooter and with a companion; and she cooks, but while seated at the stove. Further, as the ALJ acknowledged, multiple objective tests, such as x-rays and MRIs, corroborated Plaintiff's conditions, which the ALJ found severe. Under the applicable standards and the present circumstances, it is patently unclear what contradictory medical evidence justified assigning little weight to Dr. Bonacorsi's opinion, or why Dr. Bonacorsi's treatment notes or Plaintiff's activities were deemed inconsistent with his opinions.

I cannot conclude that the ALJ's approach to Dr. Bonacorsi generally, and the "no stooping" limitation specifically, were harmless. Sedentary work requires occasional stooping. 20 C.F.R. § 404.1567(a); Social Security Ruling 96-9p, 1996 SSR LEXIS 6. The vocational expert's ("VE") responses regarding Plaintiff's ability to work were based on the ALJ's hypothetical, which involved "occasional stooping." At the hearing, claimant's counsel asked the VE "if the hypothetical individual was in the never in the stoop/bend category," whether she would able to perform past or transferable work. The VE responded, "no." Furthermore, this

---

[3] Indeed, the ALJ apparently rejected specific portions of Dr. Bonacorsi's opinion – for example, he opined that Plaintiff can never climb stairs, but the RFC included occasional climbing of stairs – without identifying a particular reason therefor. Defendant points to the absence of neurological deficits or abnormalities, as reflected in the records of Drs. Bonacorsi, Wang, and Matasey, as reason to reject Dr. Bonacorsi's opinion. The ALJ did not point to the absence of neurological deficits, and Defendant does not point to any medical evidence that would suggest that such an absence is inconsistent with the medical opinions, particularly given multiple diagnoses of back and knee abnormalities, including those that the ALJ found to be severe impairments.

Court cannot predict the outcome of further and more considered assessment or explanation of Dr. Bonacorsi's opinion as a whole, in accordance with applicable standards.

In addition, I note other oddities in the ALJ's decision to give Dr. Bonacorsi's decision little weight. She afforded Ms. Burnett's opinion some weight "given the treating relationship," although the ALJ does not refer to more than a single office visit at Ms. Burnett's facility; records of that visit suggest that Plaintiff was seen by Dr. Schilken. In turn, the ALJ acknowledged Dr. Bonacorsi's treating status, but made no reference to its impact on the weight afforded his opinion, or to any other applicable factors. Given the stated reason for assigning weight to Ms. Burnett's opinion, this omission is troublesome. Under all of these circumstances, this Court is unable to properly review the ALJ's conclusions regarding Dr. Bonacorsi's opinion, and remand is warranted.

## CONCLUSION

This matter must be remanded for further examination and explanation regarding Dr. Bonacorsi's opinion, and the medical opinions regarding a stooping limitation. The ALJ may, of course, conduct additional proceedings as necessary. An appropriate Order follows.

BY THE COURT:

_Donetta W. Ambrose_

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: Oct. 31, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROSEANNE RIZZO                                  )
                                                )  No. 18-1646
      v.

ANDREW SAUL,[4]
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

      AND NOW, this 31st day of October, 2019, it is hereby ORDERED, ADJUDGED, and

DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is

remanded for further proceedings consistent with the foregoing Opinion.

                       BY THE COURT:

                       *Donetta W. Ambrose*
                       _____

                       Donetta W. Ambrose
                       Senior Judge, U.S. District Court

---

[4] Andrew Saul, the Commissioner of Social Security, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).